IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN LEE ANDERSON, ) | |
| AIS 286382, ) | |
|   ) | |
| Plaintiff, ) | |
|   ) | |
| v.   ) | CASE NO. 2:22-CV-636-WHA-CSC |
|   ) | |
| LT. O. PARKER, et al., ) | |
|   ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff, an inmate incarcerated at the St. Clair Correctional Facility in Springville, Alabama, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. He files this lawsuit seeking to challenge the conduct of correctional officials at the Donaldson and St. Clair Correctional Facilities claiming they have put "hits" on him because of his litigation activity. Plaintiff also complains about a denial of adequate medical care. For relief, Plaintiff request damages and that defendants be removed from their positions of employment with the Alabama Department of Corrections. Doc. 1 at 2–4; Doc. 1-1 at 1–2. Upon review, the Court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[1]

---

[1] Upon filing the Complaint, Plaintiff filed a motion in support of a request for leave to proceed in forma pauperis. Doc. 2. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The actions described in Plaintiff's Complaint concern matters which occurred or are occurring at the Donaldson or St. Clair Correctional Facilities, both of which are located in the Northern District of Alabama. Plaintiff identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here. Therefore, under 28 U.S.C. § 1391(b), the proper venue for this action is the Northern District of Alabama, and it is due to be transferred under 28 U.S.C. § 1404(a).[2]

---

[2] In transferring this case, the Court makes no determination regarding the merits of the claims presented in the Complaint.

### III.  CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is ORDERED that objections to the Recommendation may be filed **by November 15, 2022**. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of the legal and factual issues covered in the Recommendation waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F2d 404 (5th Cir. 1982); 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 1st day of November 2022.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE